**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division

UNITED STATES OF AMERICA

v.                                              ACTION NO. 4:05CR37

OTIS SILVER,

      Defendant.

<u>O R D E R</u>

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  The Court concludes that the following facts require the detention of the defendant pending trial in this case.

There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 846 and 841.

There is probable cause to believe that the defendant has committed an offense under 18 U.S.C. § 924(c).

The defendant has not rebutted the presumption established by the above finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

The Court FINDS that the credible testimony and information submitted at the hearing establishes by clear and convincing

evidence that the defendant was involved in a conspiracy which was a loose-knit organization of individuals. Most of the persons named in the indictment both purchased and sold drugs as part of the conspiracy. The Assistant Untied States Attorney indicated that there are at least fourteen witnesses who could describe the overall nature of the conspiracy, eleven of whom have been federally prosecuted and three of whom are not facing charges. In addition, the government successfully made several controlled purchases from a number of the persons named in this indictment.

The Assistant United States Attorney proffered that six witnesses will testify about purchases of kilograms and half-kilograms of cocaine from the defendant, as well as smaller purchases of cocaine base. Some of those witnesses will also testify that they observed the defendant carrying a .45 mm caliber Glock hand gun during drug transactions. In addition, witnesses will testify that this defendant, along with Gary Furbush, frequently converted powdered cocaine to cocaine base.

The defendant's residence since 1998 is unverified and he claims that he has not been employed since 1999. He has no monthly income or assets.

The defendant has eight misdemeanor convictions from 1994 to 2004. He was placed on first offender status for possession of cocaine in 1996. Despite several revocation hearings, the defendant's felony charge was dismissed in 1999.

The Court FINDS that the defendant is a nonappearance risk because of his unverified residence since 1998. The defendant is a danger to the community because of the nature of the charges, his unsatisfactory adjustment to probation, his unemployment status, and his unverified means of support.

The Court FINDS that because of the substantial possible penalties that this defendant faces in this case and the strength of the evidence against him that there is a strong likelihood that the defendant will not appear for trial under any conditions of release.  The Court further FINDS that the defendant is a danger to the community by his continuous and continuing drug dealing and should be detained pending the trial of this case.  See United States v. Williams, 753 F.2d 329 (4th Cir. 1985).

There is a serious risk that the defendant will not appear.

There is a serious risk that the defendant will endanger the safety of another person or the community.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections

facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this Order to the United States Attorney at Norfolk, to the United States Marshal at Norfolk, to the United States Pretrial Services Office at Norfolk, and to counsel of record for the defendant.

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia

April 25, 2005

<u>Nunc</u> <u>pro</u> <u>tunc</u> April 22, 2005